## STATE v. FRASER

No. 6760.   Decided December 18, 1944.   (154 P. 2d 752.)

See 22 C. J. S., Criminal Law, Sec. 730. 20 Am. Jur., 474.

*O. H. Matthews,* of Salt Lake City, for appellant.

*Grover A. Giles,* Atty. Gen. and *W. S. Wagstaff,* Asst. Atty. Gen., for respondent.

WADE, Justice.

William Frank Fraser was charged with the crime of robbery and upon conviction was sentenced to imprisonment for an indeterminate term in the Utah State Prison. He appeals.

At the trial, appellant's defense was an alibi, to wit, that he was not present at the time or place at which the crime of which he stood accused occurred.

The evidence disclosed that two young women were held up at the point of a gun at about 1:15 a. m. on May 4, 1944, as they were walking east on South Temple Street near "F" Street, in Salt Lake City, Utah, and were relieved of their purses and money. Defendant testified that at that time he was in bed at his home located at 340 South Sixth East Street, in Salt Lake City, and that he had been in bed since 11 o'clock p. m. of May 3, 1944. The state in rebuttal of this testimony produced as witnesses two police officers who testified that while they were examining defendant at the city jail in connection with the crime, that defendant stated that he had spent the evening of May 3rd and the early morning hours of May 4th, 1944, with a companion touring beer taverns.

Defendant now assigns as error the admittance of this testimony given by these officers on the ground that it was a self-incriminating admission and the state had not proved that it was a voluntary statement.

Defendant misconceives the law as to the admissibility of self-incriminating statements without a showing by the state of their voluntary nature. This statement was not a self-incriminating statement, nor did it appear to be against the defendant's interest at the time it was ■ made, as it did not tend to connect him with the crime or any element thereof. It is the kind of a statement which is usually made voluntarily. It was used here in rebuttal of his testimony and for the purpose of discrediting him as a witness. However, even if it was an admission, this court has held in *State* v. *Karumai*, 101 Utah 592, 126 P. 2d 1047, 1052, that:

"it is not necessary that a preliminary showing be made to the effect that the statement was voluntary."

Defendant in the instant case made no objection to its ad-

mission on the ground that it was made involuntarily, nor had he at any time, either on the witness stand or through his attorney, claimed that it was involuntarily made, nor did he object to its admissibility on any ground. See also *State* v. *Crank*, 105 Utah 332, 142 P. 2d 178, where this court said in a concurring opinion which was concurred in by two other justices on the subject of the admissibility of confession where no attack is made by the defense against its voluntary nature, that it was of the opinion that the fifth rule as stated in Wigmore on Evidence, 3rd Ed. Vol. 3, Sec. 680, is the better rule. This reads:

"A modern English ruling takes a middle path, and seems to receive the confession unless attacked by evidence of an improper inducement and then in case of doubt leaves upon the prosecution the burden of convincing the court of the admissibility."

If in the case of a confession it is not deemed necessary for the state to prove it was voluntary unless attacked by evidence of an improper inducement, there is certainly less reason for the state to prove the voluntary nature of an admission, in the absence of objection, before the court may admit it in evidence. At no time, either in the lower court or here, has the defendant claimed that his statements were not made voluntarily.

Judgment affirmed.

WOLFE, C. J., and McDONOUGH, and TURNER, JJ., concur.

LARSON, Justice.

I concur. It may be noted, however, that the matter cited from the concurring opinion in *State* v. *Crank*, 105 Utah 332, 142 P. 2d 178, while probably a correct statement of law was purely obiter dicta in that case because no such question was there involved.